UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COCHISE AMARI SHAKUR,      : | |
| : | |
| Petitioner     : | |
| : | Civil Action No.:     22-1669 (RC) |
| v.     : | |
| : | Re Document No.:     12 |
| WARDEN, FCI PETERSBURG,     : | |
| : | |
| Respondent.     : | |

### MEMORANDUM OPINION

GRANTING RESPONDENT'S MOTION TO DISMISS

### I. INTRODUCTION

Petitioner Cochise Amari Shakur[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking to vacate his 1998 conviction for first-degree murder and other charges. *See* Pet. Writ Habeas Corpus at 1 ("Pet."), ECF No. 1.  The Government filed a motion to dismiss on jurisdictional and timeliness grounds.  *See generally* Gov't's Mot. Dismiss ("Gov't's Mot."), ECF No. 12.  For the reasons set forth below, the Court finds that it lacks jurisdiction over Mr. Shakur's habeas petition and grants the Government's motion to dismiss.

### II. BACKGROUND

Mr. Shakur was arrested on December 7, 1996 on charges relating to the death of one woman and the maiming of another on October 15, 1996.  *See* Pet'r's Mem. Supp. Pet. Writ Habeas Corpus ("Pet'r's Mem.") at 3, ECF No. 2; Gov't's Mot. at 2.  On June 4, 1998, a jury

---

[1] Petitioner was convicted under the name Marlon A. White and subsequently changed his name to Cochise Amari Shakur.  *See* Gov't's Opp'n to Pet'r's Pet. Writ Habeas Corpus ("Gov't's Mot.") at 1 n.1, ECF No. 12.

sitting in the District of Columbia Superior Court ("Superior Court") returned guilty verdicts on all thirteen counts, including first-degree murder. *See* Pet'r's Mem. at 3. On July 27, 1998, Mr. Shakur was sentenced to fifty-eight years to life in prison. *See id.* at 4. Mr. Shakur directly appealed his conviction to the District of Columbia Court of Appeals ("DCCA") on August 12, 1998. *See id.* Thereafter, he filed two motions to vacate his convictions pursuant to D.C. Code § 23-110. *See* Gov't's Mot. Ex. 1 ("DCCA Mem. and J.") at 1, 4–5, ECF No. 12-1. The Superior Court denied the § 23-110 motions, Mr. Shakur appealed the denials, and the DCCA then consolidated his direct appeal and appeals of the § 23-110 denials. *See generally* DCCA Mem. and J. In 2007, the DCCA affirmed Mr. Shakur's convictions and the Superior Court's denials of his § 23-110 motions. *See id.* at 1; Pet'r's Mem. at 4. Over the next several years, Mr. Shakur filed several other motions challenging his conviction and sentence, none of which succeeded. *See* Pet'r's Mem. at 4; Gov't's Mot. at 5.

On July 2, 2019, Mr. Shakur filed a third § 23-110 motion. *See* Pet'r's Mem. at 4; Gov't's Mot. at 5. In that motion, Mr. Shakur claimed that he was actually innocent and moved to vacate his conviction because (1) the Government "failed to disclose exculpatory information and documents prior to trial" relating to a Department of Justice Office of the Inspector General's (OIG) investigation into Federal Bureau of Investigation forensic laboratory practices; and (2) his trial counsel was ineffective for failure to seek funding for independent forensics experts and to adequately investigate and present mitigating evidence. *See* Gov't's Mot. Ex. 2, Pet'r's Pet. D.C. Code § 23-110 ("Pet'r's § 23-110 Pet.") at 1–2, 6–7, ECF No. 12-2. On May 10, 2021, the Superior Court denied Mr. Shakur's motion to treat his § 23-110 motion as conceded. S*ee* Gov't's Mot. Ex. 4 at 7, ECF No. 12-4, but the § 23-110 motion itself apparently remains pending according to the docket. *See* Entry, May 10, 2021, D.C. Superior Court Case

No. 1996 FEL 010633 (showing the last orders on the docket as pertaining to Petitioner's "Motion to Treat 23-110 Motion as Conceded").[2]

On June 2, 2022, Mr. Shakur filed the petition for the writ of habeas corpus now before the Court.[3] *See* Pet. at 1. In his petition, Mr. Shakur claims that (1) he is "actually innocent" in light of "newly discovered evidence," *i.e.*, the OIG's investigation and memorandum[4]; (2) that his trial counsel deprived him of effective assistance of counsel by failing to conduct an adequate pretrial investigation, present mitigating evidence, and move the trial court for funding to hire independent forensic experts; and (3) that the Government committed prosecutorial misconduct by not disclosing exculpatory evidence before trial and by knowingly permitting false testimony. *See* Pet'r's Mem. at 2. On October 26, 2022, the Government filed its motion to dismiss, arguing that Mr. Shakur's petition is untimely and that the Court lacks jurisdiction over his claims. *See* Gov't's Mot. at 2. Mr. Shakur filed a reply on February 8, 2023. *See* Reply Supp. Pet'r's Pet. Writ Habeas Corpus, ECF No. 15.

---

[2] The parties seem to disagree on this point. The Government claims that the third § 23-110 motion is still pending in Superior Court, *see* Gov't's Mot. at 7, while Mr. Shakur claims that the Superior Court's May 10, 2021 order denied his motion, *see* Pet'r's Mem. at 4. Regardless, as explained below, because D.C. Code § 23-110 divests federal courts of jurisdiction even where "the Superior Court has denied [the petitioner] relief," the disagreement is immaterial. D.C. Code § 23-110(g).

[3] Mr. Shakur, who is incarcerated in Petersburg, Virginia, initially filed his petition in the Eastern District of Virginia. The case was transferred to this Court on June 9, 2022. *See* Order, June 9, 2022, ECF No. 4.

[4] The Court notes that the OIG published the results of this investigation in April 1997, before the jury returned its verdict as to Petitioner in 1998. *See* Press Release, U.S. Dep't of Just. Fed. Bureau of Investigation (Apr. 15, 1997), https://irp.fas.org/agency/doj/oig/fbilab1/labpr.htm (last accessed Aug. 17, 2023).

### III.  LEGAL STANDARD

"A conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law, and a challenge to a Superior Court conviction is properly brought under 28 U.S.C. § 2254." *Reed v. Thomas*, 287 F. Supp. 3d 6, 9 (D.D.C. 2018) (internal quotations omitted).  "District of Columbia prisoners, however, face a unique jurisdictional hurdle in seeking habeas relief in federal court: D.C. Code § 23-110." *Id.*

Enacted by Congress in 1970 as part of the District of Columbia Court Reform and Criminal Procedure Act, which established a new local court system in the District of Columbia, § 23-110 created a procedure for collateral review of convictions in the Superior Court.  *See Swain v. Pressley*, 430 U.S. 372, 375 (1977).  Under § 23-110, a prisoner "in custody under sentence of the Superior Court . . . may move the court to vacate, set aside, or correct the sentence" if, as relevant here, "the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia."  D.C. Code § 23-110(a).

Section 23-110(g) "gives the [S]uperior [C]ourt exclusive jurisdiction of virtually all collateral challenges." *Head v. Wilson*, 792 F.3d 102, 104 (D.C. Cir. 2015).  It prohibits a prisoner from applying for a writ of habeas corpus in

> Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).  Section 23-110(g) thus "largely divests the federal courts of habeas jurisdiction." *Head*, 792 F.3d at 105; *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998); *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009) ("[W]e are mindful that when Congress enacted section 23-110 . . . it sought to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court.").  The Supreme

4

Court interpreted § 23-110(g) as an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court." *Swain*, 430 U.S. at 377.

The sole exception to this restriction on federal jurisdiction occurs when a petitioner's § 23-110 motion is "inadequate or ineffective to test the legality of his detention"—the so-called "safety valve" or "savings clause."[5] D.C. Code § 23-110(g); *Head*, 792 F.3d at 105. In the related context of evaluating identical wording in the statute governing motions to vacate under 18 U.S.C. § 2255, the Supreme Court recently explained that the savings clause "preserves recourse to [the writ of habeas corpus] in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (2023). The savings clause "is concerned with the adequacy or effectiveness of the remedial *vehicle* ('the remedy by motion'), not any court's asserted errors of law." *Id.* at 1870 (emphasis in original) (quoting 18 U.S.C. § 2255(e)).

It is the petitioner's burden to establish that the remedy under § 23-110 is inadequate or ineffective to challenge his detention.[6] *See, e.g.*, *Brown v. United States*, 183 F. Supp. 3d 43, 45 (D.D.C. 2016) ("Here, Petitioner has failed to demonstrate that the remedy available to him under § 23-110 is inadequate or ineffective."); *Void-El v. Haynes*, 440 F. Supp. 2d 1, 2 (D.D.C. 2006) ("[Petitioner] has made no demonstration that the remedy available under Section 23-110

---

[5] The "safety valve . . . blunt[s] the risk of a Suspension Clause violation." *See Head*, 792 F.3d at 105. The Supreme Court upheld § 23-110 in the face of a Suspension Clause challenge in *Swain v. Pressley*, 430 U.S. 372 (1977).

[6] The Court is mindful here, however, of its obligation to construe *pro se* filings liberally, as "*pro se* pleadings are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Payne v. Becerra*, No. 22-00869, 2023 WL 3376630, at *2 (D.D.C. May 11, 2023) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

was an 'inadequate or ineffective' means of challenging his conviction." (quoting D.C. Code § 23-110(g))). This burden cannot be met merely by showing that efforts to obtain collateral relief in Superior Court or the DCCA were unsuccessful. *See Garris v. Lindsay*, 794 F.2d 722, 722 (D.C. Cir. 1986) ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative[.]"); *see also Lyons v. Fed. Bureau of Prisons*, No. 05-802, 2005 WL 3211417, at *2 (D.D.C. Nov. 14, 2005) ("The fact that a petitioner's motion has been denied does not make the remedy either inadequate or ineffective."); *Pinkney v. United States*, 802 F. Supp. 2d 28, 36 (D.D.C. 2011) ("In short, [Petitioner] cannot avail himself of this federal forum merely because his prior attempts to challenge his conviction and sentence in the District of Columbia courts have not been successful."). Where a petitioner fails to demonstrate that a § 23-110 remedy is inadequate or ineffective, a federal court lacks jurisdiction over his habeas petition. *See Morrison v. U.S. Parole Comm'n*, 68 F. Supp. 3d 92, 96 (D.D.C. 2014) ("[B]ecause § 23-110 provides an adequate remedy for [Petitioner] to challenge the legality of his conviction and sentence, the Court does not have jurisdiction to consider the merits of his claims."); *Rahim v. U.S. Parole Comm'n*, 77 F. Supp. 3d 140, 146 (D.D.C. 2015) (dismissing a habeas petition for lack of jurisdiction where the petitioner did "not even attempt[] to make [a] showing" of the inadequacy or ineffectiveness of a § 23-110 remedy).

## IV.  ANALYSIS

Mr. Shakur makes three arguments as to why he is entitled to habeas relief. Because none of these arguments suffices to establish that the relief available to him under § 23-110 is "inadequate or ineffective to test the legality of his detention," *see* D.C. Code § 23-110(g), the Court lacks subject-matter jurisdiction over his petition.

### A. Actual Innocence

Mr. Shakur asserts that he is innocent because his conviction "was grounded on . . . unsupportable lab analysis and overstated testimony" and because the 1997 OIG report cast doubt upon the reliability of the forensic evidence used against him. *See* Pet'r's Mem. at 8–9. However, an assertion of actual innocence does not bypass the § 23-110 procedures. *See Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011) (holding that *Schlup v. Delo*, 513 U.S. 298 (1995), which held that actual innocence claims could serve as a "gateway" past procedural bars in some situations, did not apply to the § 23-110 context). Accordingly, "the § 23-110 remedy is neither inadequate nor ineffective to test the legality of" actual innocence claims. *Ibrahim*, 661 F. 3d at 1146; *see Reed*, 287 F. Supp. 3d at 13 ("If the D.C. Court of Appeals has not already effectively denied Petitioner's claim of actual innocence, then Plaintiff can bring that claim in the first instance in the D.C. Superior Court."); *see also Moore v. United States*, 253 F. Supp. 3d 131, 133 (D.D.C. 2017) (dismissing a habeas petition for lack of jurisdiction where petitioner brought an actual innocence claim because § 23-110 was neither inadequate nor ineffective to adjudicate that claim). Mr. Shakur included a virtually identical actual innocence claim in his pending § 23-110 motion. *See* Pet'r's § 23-110 Pet. at 8 ("The present application is thus primarily based on the most fundamental right and defense a person can have – actual innocence of the crimes on which he was convicted."). Because that motion is an adequate vehicle to test the merits of that claim, this Court is without jurisdiction to consider it.

### B. Ineffective Assistance of Trial Counsel

Mr. Shakur alleges that his trial counsel was ineffective for failure to conduct an adequate pretrial investigation, present mitigating evidence, or apply for funding for independent forensic

experts. *See* Pet'r's Mem. at 10. However, § 23-110 provides petitioners with a "vehicle for challenging [their] conviction[s] based on the alleged ineffectiveness of [their] trial counsel[s]." *Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006); *see McNair v. U.S. Parole Comm'n*, No. 17-0404, 2019 WL 1082160, at *5 (D.D.C. Mar. 7, 2019) ("A claim that trial counsel was ineffective is the sort of claim 'routinely brought pursuant to § 23-110.'" (citation omitted)). As Mr. Shakur has not demonstrated that § 23-110 provides an inadequate or ineffective path to challenge his detention based on ineffective trial counsel, federal jurisdiction does not lie for the Court to hear that claim via motion under § 2254.[7]

### C. Prosecutorial Misconduct

Finally, Mr. Shakur brings a claim of prosecutorial misconduct, arguing that the Government's failure to disclose allegedly exculpatory evidence and documents prior to trial and use of allegedly false testimony violated his Fifth Amendment Due Process rights. *See* Pet'r's Mem. at 15–21. A petitioner may bring claims of prosecutorial misconduct through a § 23-110 motion in the Superior Court just as he may raise actual innocence and ineffective trial counsel claims. *See McNair*, 2019 WL 1082160, at *5 ("[A] claim arising from alleged prosecutorial misconduct is cognizable under D.C. Code 23-110."); *Briscoe v. Jarvis*, 77 F. Supp. 3d 183, 186 (D.D.C. 2015) (finding no federal jurisdiction because the petitioner failed to show that § 23-110 was inadequate to test his claim of prosecutorial misconduct). Accordingly, as with Petitioner's

---

[7] By contrast, a claim of ineffective assistance of *appellate* counsel cannot be raised by a § 23-110 motion and therefore triggers the "safety valve," enabling federal jurisdiction. *Ibrahim*, 661 F.3d at 1142; *see In re Crawford*, No. 19-3269, 2022 WL 16650466, at *3–4 (D.D.C. Nov. 3, 2022) (explaining that while a claim for ineffective assistance of *trial* counsel is "cognizable under D.C. Code § 23-110(a)," claims for ineffective assistance of *appellate* counsel "cannot be raised under D.C. Code § 23-110," so federal courts are not "deprived of jurisdiction altogether" over them). Mr. Shakur, however, does not bring a claim of ineffective assistance of appellate counsel here.

other claims, because § 23-110 is an adequate vehicle to test Mr. Shakur's prosecutorial misconduct claim, the Court lacks jurisdiction to consider it.

## V.  CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 12) is **GRANTED** and this action is **DISMISSED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 25, 2023                                                    RUDOLPH CONTRERAS
                                                                                                    United States District Judge